IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDREW SAYERS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MICROSOFT CORPORATION, NINTENDO OF AMERICA INC., TAKE-TWO INTERACTIVE SOFTWARE, INC., ROCKSTAR GAMES, INC., ROCKSTAR GAMES UK LIMITED f/k/a ROCKSTAR NORTH LIMITED and DMA DESIGN LIMITED, ACTIVISION BLIZZARD, INC., TREYARCH CORPORATION, ROBLOX CORPORATION, EPIC GAMES, INC., and EPIC GAMES INTERNATIONAL HOLDINGS, LLC,<br><br>　　　　　Defendants. | Case No. 4:24-CV-00078-RSB-CLR<br><br>Judge: Hon. R. Stan Baker |

**NINTENDO OF AMERICA INC. AND MICROSOFT CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Nintendo of America Inc. ("Nintendo") and Microsoft Corporation (together, the "Platform Defendants") move to dismiss all claims in Plaintiff's Complaint (Doc. 1).[1] In support, they state as follows:

1.　Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Plaintiff's Complaint should be dismissed with prejudice in its entirety for failure to state a claim upon which relief can be granted.

---

[1] Defendants Nintendo and Microsoft are each concurrently filing a motion to compel arbitration. They join this brief only if the Court denies their respective arbitration motions. Nintendo and Microsoft do not waive, and specifically assert, their rights under their arbitration agreements, including any appellate rights to have the proper forum resolved before any claims proceed on the merits in court.

1

2. This motion relies on and is supported by the argument and authority in the accompanying memorandum of law filed by the Platform Defendants (the "Platform Brief"). The Platform Defendants also incorporate by reference the argument and authority set forth in the memorandum of law filed by the Defendants that are alleged to have developed the video games at issue in this lawsuit (the "Developers' Brief"): Activision Blizzard, Inc., Treyarch Corp.; Take-Two Interactive Software, Inc., Rockstar Games, Inc., Rockstar Games UK Ltd. f/k/a Rockstar North Limited, DMA Design Limited; Epic Games, Inc; and Microsoft.[2] *See* Fed. R. Civ. P. 10(c). As explained in the Platform Brief and Developers' Brief, each of which supports this motion, all claims against the Platform Defendants should be dismissed for the following reasons:

3. First, all of Plaintiff's claims against the Platform Defendants are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which bars Plaintiff from seeking to hold the Platform Defendants liable for publishing and disseminating third-party video games. *See* Platform Brief § I.

4. Second, all of Plaintiff's claims against the Platform Defendants are barred by the First Amendment. Video games have been recognized by the Supreme Court as expressive, constitutionally protected speech, and the Platform Defendants' dissemination and curation of this protected third-party speech is core speech protected from regulation by the First Amendment. *See* Platform Brief § II; Developers' Brief § I.

---

[2] Consistent with the Joint Motion for Extension of Time and To Modify Page Limits and subsequent Order by the Court that contemplated separate briefing for Microsoft in its role as purported developer and platform, ECF Nos. 35, 36, Microsoft addresses the claims against it relating to Xbox services in this brief, but addresses the claims against it relating to *Minecraft* and allegations regarding Microsoft's purported role in developing *Call of Duty* in the separate motion titled "Motion To Dismiss Of Defendants Microsoft Corporation, et al." Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Microsoft adopts all arguments made in that motion and supporting brief.

5.     Third, all of Plaintiffs' claims against the Platform Defendants are barred by the statute of limitations. Plaintiff has alleged he was first injured at age 10, over 13 years ago, which is well beyond the applicable limitations periods. Developers' Brief § II.A.

6.     Fourth, all of Plaintiff's claims against the Platform Defendants should be dismissed because the Complaint is an impermissible shotgun pleading that does not distinguish between the multiple defendants. In addition, each count impermissibly incorporates the entirety of the preceding counts. *See* Platform Brief § III; Developers' Brief § II.B.

7.     Fifth, Plaintiff's product liability claims (Counts I–VI) should be dismissed for failure to state a claim because the claims target the Platform Defendants' dissemination of information (the video games at issue), as well as services the Platform Defendants provide (access to those games), rather than a product subject to Georgia's product liability regime. Moreover, Plaintiff fails to identify any supposed defect in the platforms. Plaintiff's strict liability product claims (Counts I–III) should be dismissed for the additional reason that Georgia law excludes product sellers like the Platform Defendants from strict liability. *See* Platform Brief § III.A; Developers' Brief § II.C .

8.     Sixth, Plaintiff's negligence-based claims (Counts IV–IX, and XIVa[3]) should be dismissed because the Platform Defendants did not, as a matter of law, owe any common law (general or specific) or statutory duty of care to Plaintiff. *See* Platform Brief § III.B; Developers' Brief §§ II.D, E.

---

[3] Plaintiff's Complaint contains two Count XIVs. The first Count XIV alleges fraudulent misrepresentation and appears in the Complaint between Count X and Count XI. The second Count XIV alleges civil conspiracy and appears after Count XIII. For ease of reference, the Platform Defendants cite the fraudulent misrepresentation claim as Count XIVa and the civil conspiracy claim as Count XIVb.

9. Seventh, Plaintiff's intentional infliction of emotional distress claim (Count X) should be dismissed because he has not plausibly alleged that the Platform Defendants' dissemination of video games is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," as the tort requires. *See* Developers' Brief § II.G; Platform Brief § III.E.

10. Eighth, Plaintiff's fraud-based claims (Counts XI–XIII, XIVa) should be dismissed because he does not allege the time, place, and content of any alleged misrepresentations by Nintendo. As for the single alleged misrepresentation by Microsoft, Plaintiff does not allege how or why it was false, as required by Federal Rule of Civil Procedure 9(b); nor is that statement of opinion actionable. Plaintiff also cannot state a fraud claim based on alleged omissions: He fails to identify a duty to disclose that the Platform Defendants purportedly owed him, what material information the Platform Defendants supposedly concealed, or how that information was not otherwise reasonably accessible to Plaintiff. Plaintiff also fails to sufficiently allege actual reliance on any alleged misrepresentation or omission. *See* Developers' Brief § II.F; Platform Brief § III.C.

11. Ninth, Plaintiff's conspiracy and in-concert liability claims (Count XIVb and XV) fail. Plaintiff has not pled any facts that support a plausible inference of conspiracy. Plaintiff fails to allege a racketeering conspiracy because he identifies no qualifying predicate acts under Georgia law. Finally, Georgia law does not recognize a cause of action called "in-concert liability." *See* Developers' Brief § II.H; Platform Brief § III.E.

12. Lastly, as to all claims, Plaintiff has failed to plead proximate causation. *See* Developers' Brief § II.B; Platform Brief § II.D.

Therefore, Defendants Nintendo and Microsoft respectfully request that the Court grant this motion to dismiss with prejudice and grant any and all other relief to which Defendants Nintendo and Microsoft are entitled.

Dated: September 17, 2024

Respectfully submitted,

By: */s/ Megan B. Poetzel*

Todd P. Davis
Georgia Bar No. 213040
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA  30309
Telephone: (404) 572-4600
tdavis@kslaw.com

Ambika Kumar*
DAVIS WRIGHT TREMAINE LLP
920 5th Ave., Suite 3300
Seattle, WA 98104-1610
Tel.: (206) 757-8030
ambikakumar@dwt.com
sarafairchild@dwt.com

Adam S. Sieff*
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., 24th Floor
Los Angeles, CA 90017-2566
Tel.: (213) 633-8618
adamsieff@dwt.com

Kathryn Cahoy (*Pro Hac Vice*)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4735
kcahoy@cov.com

David Sneed (*Pro Hac Vice*)
Gary M. Rubman*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-6000
dsneed@cov.com
grubman@cov.com

Carol P. Michel
Georgia Bar No. 504046
WEINBERG WHEELER HUDGINS GUNN & DIAL
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Tel.: (404) 832-9510
Fax: (702) 938-3864
cmichel@wwhgd.com

Megan B. Poetzel (*Pro Hac Vice*)
Andrianna D. Kastanek (*Pro Hac Vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
mpoetzel@jenner.com
akastanek@jenner.com

Alison I. Stein (*Pro Hac Vice*)
Isabel Farhi (*Pro Hac Vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Tel.: (212) 891-1600
astein@jenner.com
ifarhi@jenner.com


*Attorneys for Defendant Nintendo of America Inc.*

*Pro hac vice forthcoming*

*Attorneys for Defendant Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 17th day of September, 2024, the foregoing document was electronically filed with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Megan B. Poetzel*
Megan B. Poetzel (*Pro Hac Vice*)
