IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDREW SAYERS, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION; et al., <br><br> Defendants. | CIVIL ACTION NO.: 4:24-cv-78 |

**O R D E R**

Before the Court is Plaintiff's Notice of Dismissal of Defendants Nintendo of America, Inc., and Epic Games, Inc., which was signed and filed by counsel for Plaintiff. (Doc. 95.) In the filing, Plaintiff notifies the Court of his voluntary dismissal of the claims asserted against the specified Defendants, neither of which has filed an answer or a motion for summary judgment in this case.[1] (Id.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Because they have not filed an answer or a motion for summary judgment in this case, Defendants Nintendo of America, Inc., and Epic Games, Inc., are **DISMISSED**. See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the

---

[1] The Court additionally notes that, since filing the Notice of Dismissal, Plaintiff has filed an Amended Complaint which does not name Nintendo of America, Inc., or Epic Games, Inc., as defendants. (See doc. 96.)

defendants as have not served an answer or motion for summary judgment . . . .").[2] The Court **DIRECTS** the Clerk of Court to **TERMINATE** the pending motions filed by the specified Defendants, (see docs. 70, 71, 74, 76), as moot, and to **TERMINATE** Nintendo of America, Inc., and Epic Games, Inc., from this case and to **UPDATE** the docket accordingly.

**SO ORDERED**, this 10th day of October, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.