IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDREW SAYERS, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC.; TREYARCH CORPORATION; ROBLOX CORPORATION; ACTIVISION PUBLISHING, INC.; SLEDGEHAMMER GAMES, INC.; INFINITY WARD, INC.; and GOOGLE, LLC, <br><br> Defendants. | CIVIL ACTION NO.: 4:24-cv-00078-RSB-CLR |

## O R D E R

Plaintiff Andrew Sayers sued several corporations for torts arising from the design, marketing, and distribution of various video games. (Doc. 96.) As to some of those Defendants, the Court has stayed the case and compelled arbitration.[1] (Doc. 156.) Defendants Google LLC and Roblox Corporation, on the other hand, did not move to compel arbitration and instead jointly filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 122.) In this Motion, they argue the Court should dismiss Plaintiff's claims against them because, among other things, the Amended Complaint is an impermissible "shotgun pleading" that violates Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Id. at p. 2; doc. 122-1, pp. 44–47.) Plaintiff filed a response to the Motion. (Doc. 128.) Google and Roblox filed a Reply. (Doc. 133.) For the reasons explained

---

[1] The Court stayed this action to compel arbitration as to Activision Blizzard, Inc., Treyarch Corporation; Activision Publishing, Inc.; Infinity Ward, Inc.; and Sledgehammer Games, Inc. (Doc. 156.) In this Order, the Court refers to these five parties as "the Stayed Defendants."

below, the Court **GRANTS in part** and **DENIES in part** Google and Roblox's Motion to Dismiss. (Doc. 122.) The Court **GRANTS** the Motion to the extent is seeks dismissal of the Amended Complaint on shotgun-pleading grounds. (Id.) But the Court **DENIES** the Motion to the extent that it asks that dismissal be with prejudice. (Id.) The Court, further, **DENIES as moot** any other arguments in the Motion. (Id.) Because it finds the Amended Complaint is a shotgun pleading, the Court **DISMISSES without prejudice** Plaintiff's Amended Complaint. (Doc. 96.) Plaintiff must file a Second Amended Complaint that avoids the shotgun-pleading deficiencies.

## BACKGROUND

Plaintiff is a resident of Long County, Georgia. (Id. at p. 28.) Google and Roblox (the "Defendants") are both Delaware corporations with their principal places of business in California. (Id. at pp. 23, 27.) Defendant Google operates Google Play which, according to Plaintiff, is a "digital products store [that] makes [video gaming] applications, including Minecraft, Roblox, and Xbox Game Pass, available [] to consumers for download . . . . and use [] on Android-based smartphones, and tablets, as well as personal computers." (Id. at pp. 27, 119.) Defendant Roblox Corporation is a video game developer and publisher that designs, develops, publishes, and supplies the online video game Roblox. (Id. at pp. 23, 99.)

Plaintiff alleges that he is addicted to video games. In particular, he indicates he is addicted to the following things, which the Amended Complaint collectively refers to as "Products": "Minecraft, Call of Duty, Roblox, and Grand Theft Auto V, along with the devices, mechanisms, and systems through which those products were and/or are used, accessed, and played, including Xbox 360, Xbox One, and Xbox Series X/S consoles along with their integrated and companion online or digital products, Xbox Live, Xbox Game Pass, Xbox Network, and Xbox Store, and Google Play." (Id. at pp. 2–3.) Based on his addiction, Plaintiff sued these parties, which the

Amended Complaint collectively refers to as "DEFENDANTS": "Microsoft Corporation, Mojang AB, Take-Two Interactive Software, Inc., Rockstar Games, Inc., Rockstar Games UK Limited f/k/a Rockstar North Limited and DMA Design Limited, Activision Blizzard, Inc., Activision Publishing, Inc., Treyarch Corporation, Infinity Ward, Inc., Sledgehammer Games, Inc., Roblox Corporation, and Google LLC." (Id. at pp. 1–2.) Plaintiff, in his Amended Complaint, asserts these causes of action against the "DEFENDANTS" for allegedly causing his video-game addiction: "Strict Liability—Defective Design" (Count I), (id. at pp. 142–53); "Strict Liability—Failure to Warn" (Count II), (id. at pp. 153–58); "Negligence—Negligent Design" (Count III), (id. at pp. 158–62); "Negligence—Negligent Failure to Warn" (Count IV), (id. at pp. 162–66); "Negligence—Ordinary Negligence and Negligence Per Se" (Count V), (id. at pp. 166–77); "Gross Negligence" (Count VI), (id. at pp. 178–85); "Intentional Infliction of Emotional Distress" (Count VII), (id. at pp. 185–89); "Deceit—Fraudulent Misrepresentation, Fraudulent Omission and Nondisclosure, and Fraudulent Concealment" (Count VIII), (id. at pp. 189–201); "Negligent Misrepresentation" (Count IX), (id. at pp. 202–04); "Civil Conspiracy" (Count X), (id. at pp. 205–10); and "In-Concert Liability" (Count XI), (id. at pp. 210–13).

In the "General Allegations" section of the Amended Complaint, Plaintiff makes factual allegations under separate subheadings for each of the respective "DEFENDANTS," including for Google and Roblox. (Id. at pp. 32–140.) But the section containing Plaintiff's legal claims makes little reference to individual parties or specific conduct. (See id. at pp. 140–213.) Plaintiff asserts each claim against the "DEFENDANTS" based on the "Products" to which he is addicted. (Id.) As one example, the chief allegation in Count I for "Strict Liability—Defective Design" is that "DEFENDANTS are strictly liable due to the defective design of their Products." (Id. at p. 152.)

After Plaintiff filed the Amended Complaint, five of the twelve "DEFENDANTS" were voluntarily dismissed: Take-Two Interactive Software Inc.; Rockstar Games, Inc.; Rockstar Games US Limited f/k/a Rockstar North Limited f/k/a DMA Design Limited; Microsoft Corporation; and Mojang AB. (Docs. 110, 119, & 120.) Of the seven remaining "DEFENDANTS," the Stayed Defendants jointly filed a motion to compel arbitration and stay proceedings, (docs. 72 & 108), and an alternative motion to dismiss the Amended Complaint, (docs. 123). In a separate Order, the Court granted the Stayed Defendants' motion to compel arbitration, stayed proceedings as to those parties, and dismissed without prejudice the joint motion to dismiss. (Doc. 156.)

That leaves Google and Roblox (hereinafter "Defendants").[2] Defendants did not participate in the other parties' joint motions and, instead, filed this joint Motion to Dismiss. (Doc. 122.) Defendants argue that dismissal of Plaintiff's claims is warranted under Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6). (Id.; doc. 122-1.) In one of their many arguments, Defendants assert that the Amended Complaint is a "shotgun pleading" that fails to give adequate notice of Plaintiff's claims. (Doc. 122, p. 2; doc. 122-1, pp. 44–47.) Defendants also offer a host of other reasons for dismissal, contending that: Defendants are immune from Plaintiff's claims under both Section 230 of the Communications Decency Act and under the First Amendment; each claim is barred by their applicable statute of limitations; Plaintiff has not shown that Defendants proximately caused any of his injuries; and each claim independently fails on the merits. (See generally doc. 122; doc. 122-1.) Plaintiff filed a Response, arguing the Court cannot dismiss the Amended Complaint based on immunity, a statute of limitations, or the merits of his claims. (Doc. 128.) Defendants filed a Reply. (Doc. 133.)

---

[2] For clarity: "Defendants" denotes Google and Roblox alone. In contrast, "DEFENDANTS," in the uppercase form that it appears in the Amended Complaint, (doc. 92), denotes all twelve parties against whom Plaintiff brought that Amended Complaint.

4

## DISCUSSION

Federal Rules of Civil Procedure 8(a)(2) and 10(b) require that a complaint give "a short and plain statement of the claim," and that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 8(a), 10(b). A complaint that violates either of these requirements—and, as a result, fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"—is a "shotgun pleading." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). When a district court finds that a given complaint amounts to a shotgun pleading, it has inherent authority to dismiss the complaint on those grounds— provided the court "allow[s] a litigant one chance to remedy such deficiencies." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

For the reasons below, the Court agrees with Defendants' argument that the Amended Complaint is a shotgun pleading. (Doc. 122-1, pp. 44–47.) Accordingly, without reaching Defendants' other arguments for dismissal, the Court **DISMISSES without prejudice** the Amended Complaint. (Doc. 96.) Plaintiff, despite Defendants' assertions to the contrary, may file a Second Amended Complaint that corrects the shotgun-pleading issues.

**I.    The Amended Complaint is an Impermissible Shotgun Pleading.**

The Amended Complaint bears all the hallmarks of a shotgun pleading. "The unifying characteristic of all . . . shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. The Eleventh Circuit Court of Appeals has identified "four rough types" of shotgun pleadings that exhibit this characteristic: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint

5

that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23.

Defendants argue the Amended Complaint is a type (4) shotgun pleading.[3] Defendants point out that each of the eleven counts are asserted against all twelve "DEFENDANTS" (some of which have since been dismissed). (Doc. 122-1, p. 46.) Each count also arises from that broad group's "Products," broadly defined as: "[t]he video gaming products used by Plaintiff . . . includ[ing,] Minecraft, Call of Duty, Roblox, and Grand Theft Auto V, along with the devices, mechanisms, and systems through which those products were and/or are used, accessed, and played, including Xbox 360, Xbox One, and Xbox Series X/S consoles along with their integrated and companion online or digital products, Xbox Live, Xbox Game Pass, Xbox Network, and Xbox Store, and Google Play." (Id. (citing doc. 96, pp. 2–3).) Defendants assert that, by using these "vague and overly broad definitions," the Amended Complaint "fail[s] to specify which Defendants are allegedly responsible for 'which acts or omissions, or which of the defendants the claim is brought against.'" (Id. at pp. 46, 45 (quoting Weiland, 792 F.3d at 1323).) Accordingly, Defendants conclude, the Amended Complaint is a shotgun pleading because it violates "Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing [] to give the defendants adequate notice of the claims against them.'" (Id. at p. 45 (quoting McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).) Though Plaintiff filed a Response rebuking some of

---

[3] Defendants state in their Motion that the Amended Complaint "violate[s] categories (1) and (4)" of Weiland, 792 F.3d at 1321–23. However, as far as the Court can tell, the Motion lacks any substantive arguments relating to category (1).

6

Defendants' other arguments for dismissal, he did not address the contention that his Amended Complaint is shotgun pleading. (See generally doc. 128.)

The Court agrees with Defendants and finds the Amended Complaint violates Rules 8(a)(2) and 10(b) in a manner that deprives Defendants of adequate notice. The Amended Complaint, indeed, exhibits not only the type (4) deficiencies identified by Defendants, but also the characteristics of a type (1) and type (2) shotgun pleading, as described in Weiland, 792 F.3d at 1323.

First off, as Defendants argue, the Amended Complaint is a type (4) shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (Doc. 122-1, pp. 45–46 (citing Weiland, 792 F.3d at 1323).) In fact, *all* of the Amended Complaint's eleven claims are asserted against *all* of the twelve "DEFENDANTS." (Doc. 96, pp. 1–2, 142–213.) Each claim is based on that comprehensive group's development and distribution of "Products"—an amorphous term that would seemingly denote any video game, video-game console, video-game network, or video-game platform associated with any of the twelve "DEFENDANTS." (Id. at pp. 2–3, 142–213.) As a result, because each of the "DEFENDANTS" presumably played a different role in each of Plaintiff's causes of action, it is unclear which facts and allegations apply to which "DEFENDANTS" for any given count.

For example, Count VIII, for "Deceit," alleges that "each ['DEFENDANT'] knew about the defective conditions of its Products and that the products posed serious health risks to users but did not tell Plaintiff and actively misrepresented otherwise." (Id. at p. 197.) This does not provide the parties, or the Court, with reasonable notice of what specific products, defects, health risks, or misrepresentations support Plaintiff's claim. Further, despite Plaintiff's indiscriminate

7

pleading, the facts and legal theories underlying some claims seemingly contemplate only certain conduct by certain parties. To illustrate: The basis for Plaintiff's claims against Defendant Google is seemingly that it *supplies* third-party games through the Google Play store. (See id. at pp. 119–26.) It is accordingly unclear what Plaintiff's basis is for including Google in, for instance, Count III for Negligent Design, which alleges that all "DEFENDANTS *designed* the Products to create addictive engagement." (Id. at p. 159 (emphasis added).) Adding to the confusion, as Defendants point out, five of the twelve "DEFENDANTS" from the Amended Complaint have since been dismissed—making the nature of Plaintiff's claims even less clear. (Doc. 122-1, p. 46; see also docs. 110, 119, & 120.)

On top of these type (4) deficiencies identified by Defendants, the Amended Complaint also exhibits the type (1) and type (2) shotgun tendencies set out in Weiland. First, all but one of the Amended Complaint's eleven causes of action begin with some version of the following statement: "Plaintiff realleges and incorporates by reference all of the foregoing allegations as if repeated in full here." (Doc. 96, pp. 142, 153, 158, 162, 178, 185, 189, 202, 205, 210.) This plainly meets the criteria for the first type of shotgun pleading identified in Weiland: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts." 792 F.3d at 1321. This pleading error particularly inhibits Defendants' ability to comprehend the claims here, where the Amended Complaint is 216 pages long with 725 numbered allegations. Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1356 n.4 (11th Cir. 2020) (the problem created by type (1) shotgun pleadings "is drastically exacerbated each time a new count is added to a complaint").

Lastly, the Amended Complaint is also characteristic of Weiland's second type of shotgun pleading because it contains "conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action." 792 F.3d at 1322. In violation of Rule 8(a)'s "short and plain statement" requirement, much of the Amended Complaint's 216 pages and 725 allegations are filled with content that has no reasonable bearing on the legal claims before the Court. Indeed, the lengthy complaint reads at times like a colorful press release, with allegations not directly related to claims. (See, e.g., id. at p. 5 ("DEFENDANTS' actions and deception arise from quintessential corporate greed" and "plac[ing] profits over the health and well-being of consumers"); id. at p. 189 ("DEFENDANTS placed user safety below their own profits."); id. at pp. 32–35 (describing the global video-gaming industry).) These conclusory allegations add nothing but length. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (conclusory allegations are not entitled "to the presumption of truth").

Because it contains three of the four characteristics identified by the Eleventh Circuit, the Amended Complaint is an impermissible shotgun pleading.

## II.     The Amended Complaint is Dismissed without Prejudice.

District courts have inherent authority to dismiss shotgun pleadings. Vibe Micro, 878 F.3d at 1295 (citing Weiland, 792 F.3d at 1320). The Eleventh Circuit has established, however, that "[w]hen a litigant files a shotgun pleading . . . a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." Id. at 1296. The Eleventh Circuit has further specified that, "[i]n the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id. This practice "ensures that the issues get defined at the earliest stages of litigation." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)). Accordingly, having found for the reasons explained above that the Amended Complaint is a shotgun pleading, the Court will dismiss it. That said, because this is the

9

Court's first Order finding Plaintiff's claims to be a shotgun pleading, and because a properly pled complaint is necessary to define the issues, the dismissal is without prejudice. Plaintiff has "one chance" to replead his claims against Defendants in a manner that avoids shotgun-pleading deficiencies.

The Court rejects Defendants' arguments that, if the Court does dismiss the Amended Complaint on shotgun pleading grounds, the dismissal should be with prejudice because Plaintiff already had an opportunity to correct the pleading. (Doc. 122-1, pp. 44–47.) Earlier, in response to Plaintiff's original complaint, certain defendants moved to dismiss and argued the original complaint was a shotgun pleading. (Docs. 79, 80.) But Plaintiff filed his Amended Complaint before the Court issued any rulings on these motions. (Doc. 96.) Defendants now argue that Plaintiff already used his "one chance to replead" because, even after the initial motions to dismiss supposedly "put [Plaintiff] on notice" of the original complaint's shotgun defects, he again included those same shotgun pleadings in the Amended Complaint. (Doc. 122-1, pp. 46–47.)

This argument fails because the Eleventh Circuit's shotgun-pleading rules contemplate that a plaintiff's "one chance to replead" comes after a "repleading order" wherein "the district court . . . explain[s] how the offending pleading violates the shotgun pleading rule." Vibe Micro, 878 F.3d at 1296. Defendants cite no law suggesting that Plaintiff's "one chance" can be triggered by anything short of a judicial order—let alone by "notice" supposedly provided by an adverse party. Plaintiff's Amended Complaint should therefore not be dismissed with prejudice for this reason.

Defendants also seem to suggest that, even though the Amended Complaint is a shotgun pleading, the Court should dismiss it—with prejudice—on the separate basis that Defendants are immune from Plaintiff's claims under Section 230 of the Communications Decency Act and the First Amendment. (Doc. 122-1, pp. 21–47.) In arguing these immunities apply, Defendants

10

highlight that other courts have stated Section 230 protections come into effect "at the earliest possible stage" to shield websites from "fight[ing] costly and protracted legal battles." (Id. at p. 22.) Defendants thus urge the Court should dismiss, with prejudice, the Amended Complaint pursuant to these "threshold protections"—notwithstanding that it is a shotgun pleading. (Id. at p. 44.)

This argument is not convincing. The defining characteristic of shotgun pleadings like the Amended Complaint is that they fail to establish "the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. The practice of dismissing such pleadings and allowing plaintiffs to replead is how district courts ensure the claims "get defined" so that defendants can properly respond. See Vibe Micro, 878 F.3d at 1296 (quoting Byrne, 261 F.3d at 1133 n.113). Accordingly—even if the issue should be addressed as early as possible—the Court cannot determine whether Section 230 or the First Amendment bars Plaintiff's claims until he has clearly set out those claims in a Second Amended Complaint. Thus, the Court should dismiss without prejudice Plaintiff's Amended Complaint without weighing the merits of Defendants' Section 230 or First Amendment arguments.

Moving forward, if Plaintiff chooses to file a Second Amended Complaint, he should reference the Court's above explanation of how the Amended Complaint violates shotgun rules to properly craft a new pleading. That means, in particular, that Plaintiff's new pleading should avoid the three Weiland pitfalls exhibited by the Amended Complaint: the counts should not adopt the allegations of preceding counts; the pleading should have no "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" and the pleading should not "assert multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321–23.

To ensure the propriety of Plaintiff's pleadings, and in the exercise of its inherent authority to control its docket, the Court issues additional instructions regarding the Second Amended Complaint. First, Plaintiff shall not include any claims against dismissed parties in the Second Amended Complaint. Second, to ensure that all operative claims are included, Plaintiff may include claims against the Stayed Defendants. But the Stayed Defendants will have no obligation to answer or otherwise respond to Plaintiff's Second Amended Complaint unless the stay is lifted. Third, the Second Amended Complaint shall not exceed eighty pages, excluding any attachments. Even accounting for the considerable claims and defendants, the 216-page Amended Complaint is too long, and its length only adds to its confusion.

**CONCLUSION**

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. (Doc. 122.)  The Court **GRANTS** the Motion to the extent is seeks dismissal of Plaintiff's Amended Complaint as a shotgun pleading.  The Court **DENIES** the Motion to the extent that it argues the dismissal should be with prejudice.  Because the Amended Complaint is a shotgun pleading, and this is the Court's first Order allowing Plaintiff to replead for that reason, the Amended Complaint is **DISMISSED without prejudice**.  Defendants' other arguments for dismissal are **DENIED as moot**.  Plaintiff may file a Second Amended Complaint that avoids the pitfalls of a shotgun pleading and follows the Court's instructions.

**SO ORDERED**, this 4th day of September, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA